**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY Q. SAMUEL and CHERIE SAMUEL,** | § § § | |
| **Plaintiffs,** | § § | |
| | § | **NO.**  18-CV-2455 |
| **v.** | § § | **JURY DEMAND** |
| **SPIRIT AIRLINES, INC., JOHN DOE and JANE DOE,** | § § § | |
| **Defendants.** | § § | |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(a) (DIVERSITY JURISDICTION)

PLEASE TAKE NOTICE that Defendant Spirit Airlines, Inc. ("Spirit" or "Defendant") hereby removes to this Court the state court action described below.

1.   On or about June 14, 2018, Plaintiffs Anthony Q. Samuel and Cherie Samuel ("Plaintiffs') commenced an action in the 11th District Court, Harris County, State of Texas, Cause No. 2018-39760. A copy of Plaintiffs' Original Petition and Request for Disclosure ("Plaintiffs' Original Petition") served on Spirit is attached in the Index as Exhibit B. The Index being contemporaneously filed herewith is incorporated herein by reference for all purposes.

2.   To the best of the undersigned's knowledge, the documents contained in the Index comprise all filings to date in this matter.

3.   On June 22, 2018, Spirit was served via personal service by and through its registered agent in Texas.

4.   Plaintiffs are residents of Texas.

5.   Spirit is incorporated under the laws of the State of Delaware and has its principal place of business in Miramar, Florida.

6.   "John Doe" and "Jane Doe" are fictional names for purposes of Plaintiffs' Original Petition. The identities and residencies of Defendants John Doe and Jane Doe are unknown to Spirit at this time.

7.   This is a personal injury case alleging that Plaintiff Anthony Q. Samuel was injured while aboard Spirit Flight 657 on December 20, 2017.

8.   Plaintiff Anthony Q. Samuel alleges in Plaintiffs' Original Petition that he "sustained serious injuries" as a result of the actions of John Doe and Jane Doe during such flight. (Exhibit B, p. 3).

9.   Plaintiff Anthony Q. Samuel further alleges in Plaintiffs' Original Petition that he suffers and will continue to suffer from physical pain, impairment, disfigurement and disability, as well as mental anguish. (Exhibit B, p. 7).

10. Plaintiff Anthony Q. Samuel alleges in Plaintiffs' Original Petition that he is entitled to recover "medical expenses...incurred in the past and in the future" and "past and future loss earnings or loss of wage-earning capacity." (Exhibit B, p. 7).

11.  Plaintiff Cherie Samuel alleges in Plaintiffs' Original Petition that she suffered from loss of consortium as a direct result of "the injuries suffered by her husband, Anthony Samuel." (Exhibit B, p. 7)

12. Plaintiffs seek "monetary relief over $1,000,000.00." (Plaintiff's Original Petition, Exhibit B, p. 8).

13. This is a civil action of which this Honorable Court has jurisdiction under 28 U.S.C. §1332(a) because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

14. This is a matter which may be removed to this Court pursuant to 28 U.S.C. §1441(a) and §1446.

15. As Spirit was served on June 22, 2018, this removal is timely.

16. Spirit demands a jury trial in this matter and tenders the appropriate fee with this notice.

17. As required by 28 U.S.C. § 1446, Spirit will give notice of the filing of this notice to the parties to the action and to the clerk of the state court where the action is presently pending.

WHEREFORE, Spirit respectfully requests removal of this matter to this Honorable Court.

Respectfully submitted,

By: _____/s/ Patrick J. Comerford_____
      Patrick J. Comerford
      State Bar No. 24096724
      SDTBN: 2973386

**SMITH ROBERTSON, LLP**
221 West Sixth Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 225-5810
Telecopier: (512) 225-5838
Email: pcomerford@smith-robertson.com

**ATTORNEYS FOR DEFENDANT**
**SPIRIT AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing with the Clerk of the Court and that I further certify that I have served the foregoing by email:

Muhammad S. Aziz
ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ
800 Commerce Street
Houston, Texas 77002
*maziz@abrahamwatkins.com*


John D. McKay
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
*johndmckayatty@gmail.com*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY Q. SAMUEL and CHERIE SAMUEL, | § § § | |
| Plaintiffs, | § § | NO.   18-CV-2455 |
| v. | § § | JURY DEMAND |
| SPIRIT AIRLINES, INC., JOHN DOE and JANE DOE, | § § § | |
| Defendants. | § § | |

## LIST OF COUNSEL

| | |
|---|---|
| **ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ** | **SMITH ROBERTSON, LLP** |

**Muhammad S. Aziz**
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Fax: (713) 225-0827
Email: maziz@abrahamwatkins.com

**Patrick J. Comerford**
221 West Sixth Street
Suite 1100
Austin, Texas 78701
Telephone: (512) 225-5810
Fax: (512) 225-5838
Email: pcomerford@smith-robertson.com

John D. McKay
PARK AVENUE LAW LLC
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
Telephone: (800) 391-3654
Fax: (407) 264-6551
Email: johndmckayatty@gmail.com

**COUNSEL FOR DEFENDANT
SPIRIT AIRLINES, INC.**

**COUNSEL FOR PLAINTIFFS ANTHONY
Q. SAMUEL and CHERIE SAMUEL**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTHONY Q. SAMUEL and CHERIE SAMUEL,** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **NO.**  18-CV-2455 |
| **v.** | § | |
| | § | **JURY DEMAND** |
| **SPIRIT AIRLINES, INC., JOHN DOE and JANE DOE,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## STATE COURT PLEADINGS INDEX

| | | |
|---|---|---|
| Exhibit A | Citation | 06/27/18 |
| Exhibit B | Original Petition | 06/14/18 |
| Exhibit C | Civil Case Information Sheet | 06/14/18 |
| Exhibit D | Civil Process Request Form | 06/14/18 |
| Exhibit E | Civil Process Pick Up Form | 06/14/18 |
| Exhibit F | Harris County District Clerk's Docket Sheet | 07/13/18 |

RECEIPT NUMBER 0.00
6/27/2018 10:23 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25607961
By: DAIQURI ROY
Filed: 6/27/2018 10:23 PM

**CAUSE NUMBER**   201839760

| | |
|---|---|
| **PLAINTIFF:** SAMUEL, ANTHONY Q | In The 11th |
| vs. | **Judicial District Court of** |
| **DEFENDANT:** SPIRIT AIRLINES INC | **Harris County, Texas** |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

TO: SPIRIT AIRLINES INC (A FOREIGN CORPORATION) BY SERVING THROUGH ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS
    INCORPORATING SERVICE COMPANY

    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701

Attached is a copy of   PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on the ___14th___ day of ___June___, 20___18___, in the
above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

**This Citation was issued under my hand** and seal of said Court, at Houston, Texas, this ___14th___ day of
___June___, 20___18___.



**CHRIS DANIEL, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Issued at request of:
AZIZ, MUHAMMAD SULEIMAN
800  COMMERCE
HOUSTON, TX  77002
TEL: (713) 222-7211
Bar Number: 24043538

Generated by: CUERO, NELSON  7MM//10975015

## OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____, _____,
                                                        (STREET ADDRESS)                        (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
                    (THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                (DESCRIPTION OF PETITION, E.G., "PLAINTIFFS ORIGINAL")

and with accompanying copies of _____.
                                    (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____                        By: _____
                                              (SIGNATURE OF OFFICER)

                                      Printed Name: _____

_____       As Deputy for: _____
**Affiant Other Than Officer**                          (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20____.

_____
Notary Public

Exhibit A

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Harris**                    **11th Judicial District Court**

Case Number: 201839760

Plaintiff:
**Anthony Q. Samuel and Cherie Samuel**

vs.

Defendant:
**Spirit Airlines, Inc.; John Doe; Jane Doe**

Received by Quick Serve Process Service on the 21st day of June, 2018 at 9:05 pm to be served on **Spirit Airlines, Inc. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Ste. 620, Austin, TX 78701**.

I, Barbara C. Stinnett, being duly sworn, depose and say that on the **22nd day of June, 2018** at **10:26 am, I:**

Delivered a true copy of the **Citation; Plaintiff's Original Petition and Request for Disclosure;** with the date of service endorsed thereon by me, to **Spirit Airlines, Inc. c/o RA: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**, by delivering to its designated agent, **Kelly Courtney**, at the address of **211 E. 7th St., Ste. 620, Austin, TX 78701, Travis County**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

State of _Texas_, County of _Travis_

Subscribed and Sworn to before me on the _25_ day of _June_, _2018_ by the affiant who is personally known to me.

NOTARY PUBLIC

HARRISON STINNETT
My Notary ID # 129047716
Expires July 9, 2020

**Barbara C. Stinnett**
PSC-1181; Exp: 07/31/2020

**Quick Serve Process Service**
**9702 Coahuila St.**
**Houston, TX 77013**
**(832) 526-9822**

Our Job Serial Number: SNN-2018000871

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2n

6/14/2018 3:13 PM
Chris Daniel - District Clerk Harris County
Envelope No. 25300393
By: Nelson Cuero
Filed: 6/14/2018 3:13 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ANTHONY Q. SAMUEL and | § | IN THE DISTRICT COURT |
| CHERIE SAMUEL, | § | |
| | § | |
| *Plaintiffs* | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| SPIRIT AIRLINES, INC., JOHN DOE | § | |
| and JANE DOE, | § | |
| | § | |
| *Defendants* | § | ___ JUDICIAL DISTRICT COURT |

## <u>PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

COMES NOW, ANTHONY Q. SAMUEL and CHERIE SAMUEL ("Plaintiffs"), and file this Original Petition and Request for Disclosure against SPIRIT AIRLINES, INC., JOHN DOE and JANE DOE ("Defendants"), and in support would show the following:

## <u>DISCOVERY CONTROL PLAN</u>

1.      Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, discovery is intended in this lawsuit to be conducted under Level 3.

## <u>PARTIES</u>

2.      Plaintiff Anthony Q. Samuel is a resident of Fort Bend County, Texas.

3.      Plaintiff Cherie Samuel is a resident of Fort Bend County, Texas.

4.      Defendant Spirit Airlines, Inc. ("Spirit"), is a Foreign Corporation with a principal plsce of business in Texas. Defendant Spirit may be served with process through its registered agent, Corporation Service Company d/b/a CSC—Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1

5.      Plaintiffs specifically invoke the right to institute this action against whatever entity was conducting business using the assumed or common name of "Spirit Airlines, Inc." with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

6.      Defendants John Doe and Jane Doe are individual employees of Defendant Spirit Airlines, Inc. who were flight attendants aboard the flight described herein and who both played active roles in causing Plaintiffs' injuries described herein by, *inter alia*, pushing a heavy metal service cart forcibly into Plaintiff Anthony Samuel's knee while he was sleeping. Their identities are unknown to Plaintiffs at this time, but will be revealed in discovery and Plaintiffs will seek to amend their pleading and include them by their real names when their identities have been revealed by Defendant Spirit Airlines, Inc.

## VENUE & JURISDICTION

7.      The court has jurisdiction of the subject matter of this action and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court.

8.      Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial amount of the act giving rise to Plaintiffs claims occurred in Harris County.

## FACTS

9.      On or about December 20, 2017, Plaintiffs were ticketed passengers aboard Flight 657 operated by Defendant Spirit.

2

10.     Defendants John Doe and Jane Doe were abroad the same flight, working as flight attendants. Defendants John and Jane Doe were employees of Defendant Spirit, who were acting within the course and scope of their employment at all times relevant hereto.

11.     While Plaintiff Anthony Samuel was sleeping in his assigned seat on the aircraft, Defendants John Doe and Jane Doe pushed and/or pulled a heavy metal service cart along the aisle of the aircraft without due regard for the location of Plaintiff Anthony Samuel's knee, which protruded slightly into the aisle while he slept.

12.     Because of their inattentiveness to the location of Plaintiff Anthony Samuel's knee, their actions resulted in ramming the heavy service cart into Plaintiff Anthony Samuel's knee with great force.

13.     As a result of the impact with Plaintiff Anthony Samuel's knee, Plaintiffs sustained serious injuries.

## CAUSES OF ACTION – JOHN AND JANE DOE

### A.     NEGLIGENCE

14.     Defendants committed acts of omission and commission, which collectively and severally constituted negligence. Each Defendant had a duty to exercise ordinary care, meaning that degree of care that would be used by individuals of ordinary prudence under the same or similar circumstances. Defendants John Doe and Jane Doe owed separate duties of care from their employer, Defendant Spirit, due to their active roles in pushing and/or pulling the service cart and driving it into Plaintiff Anthony Samuel's knee. Defendants breached their duties. Specifically, Defendants breached their duties in one or more of the following ways:

a.     Failing to keep a proper lookout;

3

b.      Failing to create and/or enforce appropriate safety rules and guidelines;

c.      Failing to provide and participate in required training for in-flight medical emergencies and the location, function and operation of required first aid supplies;

d.      Failing to recognize and remediate hazards;

e.      Failing to provide timely assistance or to ensure other protections were in place;

f.      Failing to warn of a known hazard;

g.      Failing to provide adequate equipment and competent personnel;

h.      Failing to institute precautionary measures to protect individuals carried as passengers aboard the aircraft;

i.      Failing to maintain a safe aircraft cabin for passengers, including Plaintiffs; and

j.      Other acts deemed negligent.

15.     Defendants' breaches of those duties constituted negligence. Such negligence was a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiffs herein.

**B.      GROSS NEGLIGENCE**

16.     Plaintiffs re-allege each aforementioned allegation. Further, Plaintiffs allege that all acts, conduct and omissions on the part of Defendants, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiffs' injuries and damages. Defendants' acts and/or omissions, when viewed objectively from the Defendants' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective

4

awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs.

17.     Defendants' conduct was reckless and/or done with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence of Plaintiffs' injuries and damages. Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

<u>**CAUSES OF ACTION – SPIRIT AIRLINES**</u>

**A.    RESPONDEAT SUPERIOR**

18.     Plaintiffs affirmatively plead that any alleged acts and/or negligence of Defendant's employees, who at the time of the incident made the basis of this cause of action were in the course and scope of his employment with, or alternatively, were on a mission on behalf of Defendant Spirit, are imputed on to Defendant Spirit under the legal theory of *respondeat superior*.

**B.    NEGLIGENCE**

19.     Defendant Spirit committed acts of omission and commission, which collectively and severally constituted negligence. Defendant Spirit had a duty to exercise ordinary care, meaning that degree of care that would be used by a company and ordinary prudence under the same or similar circumstances. Defendants breached their duties. Specifically, Defendant Spirit breached its duties in one or more of the following ways:

a.     Failing to create and/or enforce appropriate safety rules and guidelines;

b.     Failing to provide required training for in-flight medical emergencies and the location, function and operation of required first aid supplies;

c.     Failing to recognize and remediate hazards;

d.      Failing to provide timely assistance or to ensure other protections were in place;

e.      Failing to warn of a known hazard;

f.      Failing to provide adequate equipment and competent personnel;

g.      Failing to institute precautionary measures to protect individuals carried as passengers aboard the aircraft;

h.      Failing to maintain a safe aircraft cabin for passengers, including Plaintiffs; and

i.      Other acts deemed negligent.

20.      These duties were imposed by state and federal common law, by the Federal Aviation Regulations (FARs) codified at Title 14 of the Code of Federal Regulations and applicable to air carriers and their crews, and by Defendant Spirit's operating manuals and other Standard Operating Procedures (SOPs) created under the direction of the FARs. Defendant's breach of those duties constituted negligence and negligence *per se*. Such negligence was a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiffs herein.

C.      **NEGLIGENT RETENTION**

21.      Plaintiffs further plead that Defendant Spirit negligently retained John and Jane Doe as employees. Defendant Spirit owed Plaintiffs a legal duty to protect them from their employees' negligent operation of the food service cart. Plaintiffs sustained damages proximately caused by Defendant Spirit's breach of said duty. In particular Defendant Spirit was negligent in retaining their employees, incompetent, unfit or reckless flight attendants whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

    **D.**    **GROSS NEGLIGENCE**

22.    Plaintiffs re-allege each aforementioned allegation. Further, Plaintiffs allege that all acts, conduct and omissions on the part of Defendant, taken singularly or in combination, constitute gross negligence and were the proximate cause of Plaintiffs' injuries and damages. Defendant's acts and/or omissions, when viewed objectively from the Defendant's standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs.

<u>**DAMAGES**</u>

23.    As a result of Defendants' negligence, Plaintiffs sustained serious injuries. Plaintiffs bring this action for the following damages:

    a.    Past physical pain and suffering of Plaintiff Anthony Samuel, and that which he will, in all probability, suffer in the future;

    b.    Past mental anguish of Plaintiff Anthony Samuel, and that which he will, in all probability, suffer in the future;

    c.    Past and future physical impairment, disfigurement, and disability of Plaintiff Anthony Samuel;

    d.    The medical expenses that Plaintiff Anthony Samuel has incurred in the past and will, in all reasonable probability, continue to incur in the future;

    e.    Past and future loss earnings or loss of wage-earning capacity of Plaintiff Anthony Samuel;

    f.    Loss of consortium suffered by Plaintiff Cherie Samuel as a direct result of Defendants' negligence and the injuries suffered by her husband, Plaintiff Anthony Samuel;

g.    Court costs; and

h.    Any and all other damages, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

24.    Plaintiffs also seek both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, and all other relief, both at law and in equity, to which Plaintiffs may be entitled. Plaintiffs seek monetary relief over $1,000,000.00.

## PRESERVATION OF EVIDENCE

25.    Plaintiffs hereby request and demand that Defendants and their agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this action, or the damages resulting therefrom, including but not limited to photographs, videotapes, audiotapes, recordings, witness statements, correspondence, memoranda, files, facsimiles, email, voice mail, text messages, or cellular telephone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendants to sanctions.

## REQUEST FOR DISCLOSURE

26.    Pursuant to Texas Rule of Civil Procedure 193.7, you are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless you make valid objections to authenticity pursuant to this rule.

## PRAYER

27.    Plaintiffs pray that the Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiffs recover damages from Defendants,

8

jointly and severally, in accordance with the evidence; that Plaintiffs recover costs of court herein expended; that Plaintiffs recover interest to which Plaintiffs are justly entitled under the law, both prejudgment and post-judgment; that Plaintiffs recover actual damages; that Plaintiffs are entitled to recover compensatory damages; that Plaintiffs recover punitive damages; and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & AZIZ**

*/s/ Muhammad S. Aziz*
MUHAMMAD S. AZIZ
State Bar No. 24043538
800 Commerce Street
Houston, Texas 77002
(713) 222-7211
(713) 225-0827 – Facsimile
maziz@awtxlaw.com

**PARK AVENUE LAW LLC**

*/s/ John D. McKay*
JOHN D. McKAY
*Pro hac vice motion pending*
127 W. Fairbanks Ave. #519
Winter Park, FL 32789
(800) 391-3654
(407) 264-6551 – Facsimile
johndmckayatty@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

9

6/14/2018 3:13:03 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 25300393
By: CUERO, NELSON
Filed: 6/14/2018 3:13:03 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED ANTHONY Q. SAMUEL AND CHERIE SAMUEL V. SPIRIT AIRLINES, INC., JOHN DOE
AND JANE DOE
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Muhammad S. Aziz  **Email:** maziz@awtxlaw.com | **Plaintiff(s)/Petitioner(s):** Anthony W. Samuel  Cherie Samuel | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Address:** 800 Commerce  **Telephone:** 713-222-7211 | _____ | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, Texas 77002  **Fax:** 713-225-0827 | **Defendant(s)/Respondent(s):** Spirit Airlines, Inc.  John Doe  Jane Doe | **Custodial Parent:** _____  **Non-Custodial Parent:** _____  **Presumed Father:** _____ |
| **Signature:** *(signature)*  **State Bar No:** 24043538 | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☐ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☒ Other Injury or Damage: _____ | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order | |
| | | | **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Paternity/Parentage ☐ Termination of Parental Rights ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

Exhibit C

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

6/14/2018 3:13:03 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 25300393
By: CUERO, NELSON
Filed: 6/14/2018 3:13:03 PM

# CIVIL PROCESS REQUEST FORM

**FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
**FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

CASE NUMBER: _____    CURRENT COURT: _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs' Original Petition and Request for Disclosure

**FILE DATE OF MOTION:** June 14, 2018

Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1.  NAME: Spirit Airlines, Inc.

    ADDRESS: 211 E. 7th Street, Suite 620, Austin, Texas 78701

    AGENT, (if applicable): Corporation Service Company d/b/a CSC-Lawyers Incoporating Service Company

    **TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): Citation

    **SERVICE BY** (check one):
    - ☒ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
    - ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
    - ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
    - ☐ **PUBLICATION:**
      - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
      - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
    - ☐ **OTHER,** explain _____

**ATTENTION: Effective June1, 2010**

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.  NAME: _____

    ADDRESS: _____

    AGENT, (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type): _____

**SERVICE BY** (check one):
- ☐ **ATTORNEY PICK-UP**              ☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____
- ☐ **MAIL**                          ☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:   ☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☐ **OTHER,** explain _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: Muhamamd S. Aziz TEXAS BAR NO./ID NO. 24043538

MAILING ADDRESS: 800 Commerce, Houston, Texas 77002

PHONE NUMBER: 713-226-5131   FAX NUMBER: 713-225-0827

area code          phone number                          area code          fax number

EMAIL ADDRESS: maziz@awtxlaw.com

Exhibit D



# CHRIS D~~ANIEL~~EL
## HARRIS COUNTY DISTRICT CLERK



ENTERED _____
VERIFIED _____

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2018 39760 _____

ATY __✓__          CIV _____          COURT __11__

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY REQUESTING: __Muhammad Aziz__          ATTY. PHONE #: __713 226 5131__

*CIVIL PROCESS SERVER (CIV): _____          BOX: _____

*CIV PHONE NUMBER: _____

*PERSON NOTIFIED SVC READY: __left voicemail @ 4:34__

* NOTIFIED BY:     **Nelson Cuero**

DATE: __06-14-2018__

---

Type of Service Document: __CITC__          Tracking Number __73506358__

Process papers prepared by: *Nelson Cuero*

Date: __Thursday, June 14, 2018__          30 days waiting __07 - 14 - 18__

*Process papers released to: __TIM BLEAKIE__
                                              (PRINT NAME)
__Sandy Blake__
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: __I. Collins__
                                              (PRINT NAME)

__I. Collins__
                                              (SIGNATURE)

* Date: __6-15-18__, 2018   Time: __9:20__ AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging
Revised 12-15-2014

Exhibit E

Harris County Docket Sheet

# 2018-39760

**COURT:**   011th

**FILED DATE:**   6/14/2018

**CASE TYPE:**   Other Injury or Damage



---

**SAMUEL, ANTHONY Q**

Attorney: AZIZ, MUHAMMAD SULEIMAN

vs.

**SPIRIT AIRLINES INC**

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |

Exhibit F

**Page 1 of 1**

7/13/2018 10:03:16 AM

**HCDistrictclerk.com**     SAMUEL, ANTHONY Q vs. SPIRIT AIRLINES INC     7/13/2018
Cause: 201839760     CDI: 7     Court: 011

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 80557875 | Citation Corporate | | 06/27/2018 | 2 |
| 80361592 | Plaintiffs' Original Petition and Request for Disclosure | | 06/14/2018 | 9 |
| ·> 80361593 | Civil Case Information Sheet | | 06/14/2018 | 2 |
| ·> 80361594 | Civil Process Request Form | | 06/14/2018 | 1 |
| 80393265 | Civil Process Pick-Up Form | | 06/14/2018 | 1 |